# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SAMANTHA SCHALL**,
*Plaintiff*

v.

**RONAK FOODS d/b/a PIZZA HUT,**
*Defendant*

Case No. 2:19-cv-01463-JDW

## MEMORANDUM

Plaintiff Samantha Schall seeks a default judgment against her former employer Ronak Foods. As explained below, the Court will award her a default judgment on her wrongful termination claim but not on her claims under the Americans with Disabilities Act.

## I. FACTUAL BACKGROUND

Schall has worked "on and off" for Ronak for eight years. (ECF No. 1 ¶ 11.) On June 14, 2018, Schall began her most recent term of employment as a General Manager at Ronak's Pizza Hut restaurant located at 6613 Frankford Avenue, Philadelphia, PA 19135. (*Id.* ¶ 12.)

On January 21, 2019, Schall suffered a serious neck injury at work and arranged for someone to cover the rest of her shift while she tended to her injury. (*Id.* ¶¶ 16-17.) The next day, Schall reported back to work and filed a claim for workers' compensation benefits. (*Id.* ¶ 18.) She also filed an incident report with her supervisor, Mary Dietz. (*Id.*) Later that day, January 22, 2019, Schall went to Nazareth Hospital for treatment. (*Id.* ¶ 23.) The hospital physician recommended that Schall be on bedrest for 4-6 weeks and then return to work on light duty for ninety days until her neck injury healed. (*Id.* ¶ 24.)

Following this hospital visit, Schall informed Dietz about the seriousness of her injury and told Dietz that she needed an accommodation. (*Id.* ¶ 25.) She asked for an accommodation

consistent with her doctor's recommendations—a leave of absence of 4-6 weeks followed by light duty for ninety days. (*Id.*) Schall provided supporting documentation to Dietz upon request. (*Id.* ¶ 26.) Dietz denied Schall's requested accommodation and instead told her that she could take one week of medical leave only. (*Id.* ¶ 27.) Afraid of being fired, Schall returned to work one week later, on February 1, 2019. (*Id.* ¶ 28.) Ronak terminated her the following day, without explanation. (*Id.* ¶ 30.)

On April 5, 2019, Schall filed the instant lawsuit, alleging that Ronak's conduct violates the ADA (Count I) and constitutes wrongful discharge under Pennsylvania common law (Count II). (ECF No. 1.) Schall served Ronak with the Complaint on May 14, 2019, (ECF No. 3), and Ronak's response was due by June 4, 2019. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (answer due within twenty-one days of service of summons and complaint). Ronak has not answered the Complaint or otherwise participated in this litigation. On June 26, 2019, the Clerk of Court entered default against Ronak for failure to appear or otherwise defend. Thereafter, Schall sought a default judgment against Ronak.

On July 16, 2019, Schall filed a memorandum of law in support of her request for entry of a default judgment against Ronak. (ECF No. 9.) (As a technical matter, Schall never filed a formal motion for a default judgment. However, her memorandum seeks damages on the claims set forth in her Complaint, and the Court will construe her memorandum as a motion for a default judgment pursuant to Fed. R. Civ. P. 7(b), 55(b)(2).) Ronak has not responded to the motion, which is ripe for disposition.

## II.    LEGAL STANDARD

After a defendant has failed to plead or otherwise defend in an action, and the Clerk of Court has entered a default, the plaintiff may seek a default judgment. In cases where a plaintiff's

claim is not for a sum certain, the plaintiff must seek a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). "[E]ven where a default is entered, the plaintiff is not automatically entitled to the damages she originally demanded." *Harris v. Bennett*, 746 Fed. App'x 91, 93 (3d Cir. 2018) (citation omitted). Once a default has been entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (quotation omitted). However, "[b]efore granting default judgment, a district court may consider whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *J&J Sports Prods., Inc. v. Ramsey*, 757 Fed. App'x 93, 95 (3d Cir. 2018) (quotation omitted). Likewise, "the plaintiff must prove that [she] is entitled to the damages sought." *Polidoro v. Saluti*, 675 Fed. App'x 189, 190 (3d Cir. 2017) (citations omitted).

After a court determines that a plaintiff is entitled to relief, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Abulkhair v. Office of Attorney Ethics*, 753 Fed. App'x 132, 134 (3d Cir. 2018) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

### III. ANALYSIS

#### A. Schall's Entitlement To A Default Judgment

##### 1. The ADA Claims

The ADA prohibits a "covered entity" from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A covered entity means an employer, *inter alia*. *See* 42 U.S.C. § 12111(2). In turn, an "employer" is "a person engaged in an industry

3

affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person[.]" 42 U.S.C. § 12111(5)(A).

Schall fails to allege, either in her Complaint (ECF No. 1) or her sworn certification in support of her Motion for a Default Judgment (ECF No. 9-1), that Ronak is engaged in an industry affecting commerce and has fifteen or more employees for each working day in each of at least twenty calendar weeks in the current or preceding calendar year. At most, Schall alleges that Ronak "upon information and belief, is a corporation that owns and operates several Pizza Hut food franchises in Pennsylvania, with a Pizza Hut location as set forth in the above-caption. Plaintiff was hired through and worked at this location." (ECF No. 1 ¶ 8.) This allegation does not state that Ronak is an "employer" under the ADA, nor does it give rise to a reasonable inference about Ronak. Indeed, the reference to Schall being hired "through" a particular location suggests that each location was a separate entity with its own employees. Thus, rather than a reasonable inference, the Court would have to make a logical leap to determine that Ronak is an employer under the ADA. The Court will not do so. Therefore, Schall is not entitled to a default judgment against Ronak on any of her ADA claims set forth in Count I of her Complaint.

### 2. The Wrongful Discharge Claim

"[A] cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a claim for workers' compensation benefits." *Shick v. Shirey*, 716 A.2d 1231, 1238 (Pa. 1998). This is true even where the employee was at-will. *Id.* at 1237. "While the Pennsylvania Supreme Court has not set forth the precise elements of such a retaliation claim, the Third Circuit . . . has predicted that the Pennsylvania Supreme Court would apply the framework for Title VII claims to Pennsylvania retaliation claims." *Vanderhoff v. City of Nanticoke*, No. 18-cv-01071,

2018 WL 4565673, *6 (M.D.Pa. Sept. 24, 2018) (citing *Theriault v. Dollar General*, 336 Fed. App'x 172, 175 (3d Cir. 2009)). Thus, to establish her claim for wrongful termination, Schall must demonstrate that (1) she engaged in a protected activity, (2) Ronak took an adverse employment action against her, and (3) there is a causal nexus between her protected activity and the adverse employment action. *Id.* (citation omitted).

Schall has set forth the necessary facts to support her claim for wrongful termination. First, she alleges that she filed a workers' compensation claim, which is a protected activity. (ECF Nos. 1 ¶ 18; 9-1 ¶ 4.) Second, Schall alleges that Ronak took an adverse employment action against her by terminating her. (ECF Nos. 1 ¶ 30; 9-1 ¶ 5.) Third, Schall contends that "she was terminated because of . . . her claim for worker's compensation benefits" and therefore satisfies the causal nexus requirement. (ECF No. 1 ¶¶ 32, 42.) Moreover, the temporal proximity between Schall's workers' compensation claim and the adverse employment action—a span of eleven days— supports Schall's assertion that Ronak fired her because she submitted a claim for workers' compensation benefits. *See Gera v. Cty. of Schuylkill*, 617 Fed. App'x 144, 147 (3d Cir. 2015) ("Ordinarily, a causal connection may be shown by ... an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action[.]") (quotation omitted)); *Richetti v. Saks Fifth Ave.*, No. 11-cv-256, 2013 WL 3802476, *6 (W.D.Pa. July 18, 2013) ("[I]n a workers' compensation retaliation action under Pennsylvania law, a causal connection may be demonstrated by a gap of only a few weeks between an event involving the claim and the employee's termination.").

Having determined that Schall has established a claim against Ronak for wrongful termination, the Court must consider whether a default judgment should be granted in light of the *Chamberlain* factors. *See Abulkhair*, 753 Fed. App'x at 134. Considering those factors, the Court

finds that a default judgment is warranted. First, Schall will be prejudiced if the Court denies her motion for a default judgment. Indeed, Ronak has already delayed this matter for nearly three months by failing to engage in the litigation, and Schall will have no other way to recover from Ronak if default judgment is denied. *See Carroll v. Stettler*, No. 10-cv-2262, 2012 WL 3279213, *3 (E.D.Pa. Aug. 10, 2012). Second, Ronak does not appear to have a litigable defense to Schall's wrongful termination claim. *See Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp.3d 261, 271 (E.D.Pa. 2014) ("[T]he court may presume that an absent defendant who has failed to answer has no meritorious defense[.]"). Third, Ronak's delay is due to culpable conduct. *See id.* at 272 ("[T]he defendant's failure or refusal to 'engage[ ] in the litigation process' ... may 'qualif[y] as culpable conduct with respect to the entry of a default judgment ... to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative.'"). In light of the foregoing, a default judgment against Ronak is warranted.

### B. Damages

In her motion for a default judgment, Schall seeks an award of backpay, prejudgment interest on the same, front pay, emotional distress damages, and punitive damages. (ECF No. 9.) The Court discusses each category in turn.

Schall may seek compensatory damages with respect to her wrongful termination claim, which sounds in tort. *See Woodson v. AMF Leisureland Centers, Inc.*, 842 F.2d 699, 702-03 (3d Cir. 1988) (determining that wrongful discharge is a common law tort); *Field v. Philadelphia Elec. Co.*, 565 A.2d 1170, 1176 (Pa. Super. Ct. 1989) (noting that compensatory damages are an available remedy for wrongful discharge). Thus, Schall may seek backpay, front pay, and emotional distress damages on her wrongful termination claim. *See Signora v. Liberty Travel, Inc.*, 886 A.2d 284, 298 (Pa. Super. Ct. 2005), *overruled on other grounds*, *Andrews v. Cross Atl.*

*Capital Partners, Inc.*, 158 A.3d 123 (Pa. Super. Ct. 2017) (noting that jury awarded more than $127,000 in compensatory damages for emotional distress, aggravation, inconvenience, embarrassment and humiliation on wrongful discharge claim); *Rothrock v. Rothrock Motor Sales, Inc.*, 53 Pa. D. & C.4th 411, 419 (Com. Pl. 2001), *aff'd*, 810 A.2d 114 (Pa. Super. Ct. 2002), *aff'd*, 883 A.2d 511 (Pa. 2005) (affirming jury award of $192,000 in compensatory damages on wrongful discharge claim where "award fits easily within a calculation of the difference between [the plaintiff's] earnings before he was fired and his income after he was fired").

In terms of backpay, Schall provided a sworn certification, made under penalty of perjury, that she earned approximately $730 per week at Ronak's Pizza Hut restaurant. (ECF No. 9-1 ¶ 7.) Ronak fired Schall on February 2, 2019, twenty-nine weeks ago. (*Id.* ¶ 5.) Thus, Schall is entitled to $21,170 in backpay ($730 x 29 weeks). Prejudgment interest, or common law "delay damages," are available for torts involving liquidated damages, such as Schall's claim for backpay. *See Am. Enka Co. v. Wicaco Mach. Corp.*, 686 F.2d 1050, 1056 (3d Cir. 1982). "Common law damages for delay, whether true pre-judgment interest or not, are awarded at the statutory rate . . . from the date the cause of action arose." *Id.* at 1057. The applicable statutory rate is six per cent (6%) per annum, without compounding. *See* 41 Pa. Stat. Ann. § 202. Pursuant to the applicable rate, Schall is entitled to prejudgment interest, or common law delay damages, in the amount of $366.61. This award of prejudgment interest is appropriate because Schall has been diligent in prosecuting this action; by depriving Schall of these funds, Ronak has been unjustly enriched; such an award is compensatory; and there are no countervailing equitable considerations that militate against such a surcharge. *See Feather v. United Mine Workers of Am.*, 711 F.2d 530, 540 (3d Cir. 1983) (setting forth the various factors a court should consider in determining whether an award of prejudgment interest is proper).

In her sworn certification, Schall reports that she has been unemployed since her termination despite the fact that she has applied to various jobs and looks for work on a daily basis. (ECF No. 9-1 ¶ 8.) "She is therefore entitled to front pay—the wages she would have earned from her employment by defendants, $[730] per week—for a reasonable period of time." *Johnson v. Dependability Co., L.L.C.*, No. 15-cv-3355, 2016 WL 852038, *4 (E.D. Pa. Mar. 3, 2016). Determining what constitutes a reasonable period for Schall "to reestablish her rightful place in the job market" is left to the Court's discretion. *See Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 87 (3d Cir. 2009). Schall has not provided any evidence as to her work and life expectancy, both of which "are pertinent factors in calculating front pay[.]" *Id.* (citation omitted). At most, Schall alleges that she has worked "on and off" in the fast food industry for eight years and had been serving as the General Manager at the Pizza Hut location from which she was terminated. (ECF No. 1 ¶¶ 11-12.) Based on the limited information available, the Court finds that a period of one year would be a reasonable amount of time for Schall to find similar employment. *See Johnson*, 2016 WL 852038 at *4 (finding that period of one year was reasonable for former school bus driver). Therefore, the Court will award Schall front pay in the amount of $16,790, which represents front pay from now until February 2, 2020 (a year after her termination).

While Schall may seek to recover emotional distress damages as part of her wrongful termination claim, she has not proffered sufficient evidence to demonstrate that such damages are warranted. According to Schall, she has become depressed and anxious as a result of being fired. (ECF No. 9-1 ¶ 11.) She worries that future employers will fire her due to health needs and limitations and contends that Ronak's actions have caused her "a great deal of despair, embarrassment and sadness." (*Id.*) Schall need not support her claim for emotional distress damages with expert testimony. *See Ridley v. Costco Wholesale Corp.*, 217 F. App'x 130 (3d Cir.

2007) (upholding jury award of $200,000 for emotional distress damages in absence of expert testimony); *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 573 (3d Cir. 2002) (upholding jury award of $1.55 million for emotional distress damages in absence of expert testimony). However, Schall has not demonstrated that she is entitled to the $50,000 she seeks. She has not alleged that she is seeking or receiving treatment for her depression or anxiety, nor has she proffered any evidence from third parties as to her emotional distress. Schall also does not contend that her depression and anxiety have hindered her ability to find a new job or otherwise impacted her day-to-day life. Thus, the Court declines to award emotional distress damages.

Plaintiffs can recover punitive damages on wrongful termination claims, *Woodson*, 842 F.2d at 703, and Schall seeks $100,000 in punitive damages against Ronak for firing her because she filed a claim for workers' compensation benefits. She contends that such an award is necessary to send a message to employers that this type of behavior will not be tolerated. (ECF No. 9-1 ¶ 12.) Under Pennsylvania law, "punitive damages are an 'extreme remedy' available in only the most exceptional matters." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). Accordingly, punitive damages may be awarded "only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either 'the defendant's evil motive or his reckless indifference to the rights of others.'" *Id.* (quotation omitted). To make such a showing, "the plaintiff must adduce evidence . . . sufficient to establish that the defendant's acts amounted to 'intentional, willful, wanton or reckless conduct . . . .'" *Id.* at 446 (quotation omitted). It has been the law in Pennsylvania, at least since 1998, that an employer violates a clear mandate of Pennsylvania's public policy when it terminates an employee for filing a workers' compensation claim. *See Shick*, 716 A.2d at 1238. Even though this has been the law in Pennsylvania for over twenty years, Ronak nevertheless terminated Schall for seeking workers' compensation benefits

and did so the day after she returned from one week of medical leave. At the very least, this conduct demonstrates a reckless indifference to Schall's rights. Thus, the Court finds that Schall is entitled to punitive damages in the amount of $50,000.

## IV. CONCLUSION

Schall has not demonstrated that she is entitled to relief under the ADA, so the Court will not enter a default judgment in her favor as to Count I. With respect to Schall's wrongful termination claim in Count II, however, default judgment is warranted. After considering Schall's evidence regarding her damages, the Court will award damages in the amount of $88,326.61 for twenty-nine weeks of backpay, prejudgment interest thereon, twenty-three weeks of front pay, and punitive damages. Finally, Schall requested that the Court permit her attorneys to file a petition for attorneys' fees and costs within fourteen days from the date of the default judgment. To the extent Schall's attorneys have a basis for seeking recovery of their fees and costs, they may do so as requested. An appropriate Order follows.

**BY THE COURT:**

Dated: August 27, 2019

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.