IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL<br><br>*Plaintiff*,<br><br>v.<br><br>RONAK FOODS *d/b/a* PIZZA HUT,<br><br>*Defendant*. | CIVIL ACTION<br><br>No.: 19-1463 |

### ORDER

AND NOW, this _____ day of _____, 2019, it is hereby **ORDERED** and **DECREED** that Plaintiff's motion to compel Defendant to provide responses to her post-judgment discovery requests and deposition notices is hereby **GRANTED**. Defendant shall provide full and complete responses to Plaintiff's post-judgment interrogatories and shall contact Plaintiff's counsel to schedule and confirm depositions within ten (10) days of the entry of this Order.

BY THE COURT

_____
Hon. Joshua D. Wolson, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL<br><br>*Plaintiff*,<br><br>v.<br><br>RONAK FOODS *d/b/a* PIZZA HUT,<br><br>*Defendant*. | CIVIL ACTION<br><br>No.: 19-1463 |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROVIDE RESPONSES TO POST-JUDGMENT DISCOVERY REQUESTS

Plaintiff hereby respectfully moves this Court for an Order to compel Defendant to provide responses to her post-judgment discovery requests.

1. This action was commenced as a consequence of Defendants' disability discrimination, failure to accommodate and retaliation, in violation of the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*) and Pennsylvania common law.

2. On August 27, 2019, Judgment was entered against Defendant in the amount of $88,326.61 (ECF No. 11).

3. On October 1, 2019, Plaintiff served Fed.R.Civ.P. 69 post-judgment discovery requests, as well as deposition notices, upon Defendant. *See* Exhibit A.

4. To date, Defendant failed to provide any responses to these requests whatsoever and has not contacted Plaintiff's counsel to confirm its depositions (or request different dates than what was selected).

2

5. Pursuant to Fed.R.Civ.P. 37 and 69, Defendant should be compelled to provide responses to Plaintiff's post-judgment discovery requests, so that Plaintiff can attempt to collect on the judgment.

6. Prior to filing the instant motion, Plaintiff made a good faith effort to resolve this discovery dispute by sending Defendant the letter attached hereto as Exhibit B on November 5, 2019. As can be seen, Defendant was provided with additional time to respond to Plaintiff's post-judgment discovery requests, but has failed to do so to date.

**WHEREFORE,** for the foregoing reasons and for the reasons set forth in the accompanying memorandum of law, it is respectfully requested that this Court grant Plaintiff's motion for an Order to compel Defendant to provide responses to her post-judgment discovery requests, and to contact Plaintiff's counsel to schedule and confirm depositions within ten (10) days of the entry of the attached Order.

    Respectfully submitted,

    **KARPF, KARPF & CERUTTI, P.C.**

    */s/ Adam C. Lease*
    Adam C. Lease, Esquire
    3331 Street Road
    Two Greenwood Square, Suite 128
    Bensalem, PA 19020
    (215) 639-0801
    *Attorneys for Plaintiff*

Dated: November 19, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL<br><br>*Plaintiff*,<br><br>v.<br><br>RONAK FOODS *d/b/a* PIZZA HUT,<br><br>*Defendant*. | CIVIL ACTION<br><br>No.: 19-1463 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANT TO PROVIDE RESPONSES TO POST-JUDGMENT DISCOVERY REQUESTS

Plaintiff hereby respectfully files this memorandum of law in support of her motion to compel Defendant to provide responses to her post-judgment discovery requests.

**I.   Introduction/Background**

This action was commenced as a consequence of Defendants' disability discrimination, failure to accommodate and retaliation, in violation of the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*) and Pennsylvania common law.

On August 27, 2019, Judgment was entered against Defendant in the amount of $88,326.61 (ECF No. 11). On October 1, 2019, Plaintiff served Fed.R.Civ.P. 69 post-judgment discovery requests, as well as deposition notices, upon Defendant. *See* Exhibit A. To date, Defendant failed to provide any responses to these requests whatsoever and has not contacted Plaintiff's counsel to confirm its depositions (or request different dates than what was selected).

**II.     Argument**

As the U.S. Supreme Court has noted, "The rules governing discovery in postjudgment execution proceedings *are quite permissive.*" *Republic of Argentina v. NML Capital, Ltd.,* 134 S.Ct. 2250, 2254 (2014) (Emphasis added). Pursuant to Federal Rule of Civil Procedure 69(a)(2), "'[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in the rules or by the procedure of the state where the court is located.'" *Id.* (citations omitted).

The Third Circuit has held that "[d]iscovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure." *Haiying Xi v. Shengchun Lu,* 330 Fed.Appx. 403, 406, 2009 WL 1497246, at *3 (3d Cir. 2009) (citation omitted). Fed.R.Civ.P. 69(a)(2)) "is to be used as a device to obtain information regarding a judgment debtor's assets. *JobConnection Services, Inc. v. Munoz,* 2015 WL 5542512, at *3 (D.N.J.,2015) (citations omitted); *see also ITOCHU Intern., Inc. v. Devon Robotics, LLC,* 303 F.R.D. 229, 232 (E.D.Pa. 2014) (citations omitted) (describing Rule 69 discovery as allowing "judgment creditor ... freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.").

"[A] judgment creditor 'is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located.' This standard 'does not impose substantial limitations on permissible discovery, provided that the discovery sought ... is relevant to locating" a judgment debtor's "assets sufficient to satisfy the judgment.'" *Hoyte v. Recheck Funding LLC,* 2013 U.S. Dist. LEXIS 41157 at *4 (D. Conn. 2013) (internal citations omitted).

On October 1, 2019, Plaintiff served Fed.R.Civ.P. 69 post-judgment discovery requests, as well as deposition notices, upon Defendant. *See* Exhibit A. Defendant has failed/refused to provide any information in response which would allow Plaintiff to collect on the judgment. *See* Exhibit A. Pursuant to Fed.R.Civ.P. 37 and 69, Defendant should be compelled to provide this information so that Plaintiff can attempt to collect on the judgment.

Prior to filing the instant motion, Plaintiff made a good faith effort to resolve this discovery dispute by sending Defendant the letter attached hereto as Exhibit B on November 5, 2019. As can be seen, Defendant was provided with additional time to respond to Plaintiff's post-judgment discovery requests, but has failed to do so to date. Consequently, the instant motion has become necessary.

### III. Conclusion

For the foregoing reasons, it is respectfully requested that this Court grant Plaintiff's motion for an Order to compel Defendant to provide responses to her post-judgment discovery requests, and to contact Plaintiff's counsel to schedule and confirm depositions within ten (10) days of the entry of the attached Order.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Adam C. Lease*
Adam C. Lease, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Dated: November 19, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL<br><br>*Plaintiff*,<br><br>v.<br><br>RONAK FOODS *d/b/a* PIZZA HUT,<br><br>*Defendant*. | CIVIL ACTION<br><br>No.: 19-1463 |

**CERTIFICATE OF SERVICE**

I certify, on the date set forth below, that I served Defendant with Plaintiff's Motion to Compel at the following addresses via first-class mail, postage prepaid:

Ronak Foods, LLC *d/b/a* Pizza Hut
6613 Frankford Avenue
Philadelphia, PA 19135

/s/ *Adam C. Lease*
Adam C. Lease, Esq.

Dated: November 19, 2019