**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SAMANTHA SCHALL<br><br>*Plaintiff,*<br><br>v.<br><br>RONAK FOODS *d/b/a* PIZZA HUT,<br><br>*Defendant.* | CIVIL ACTION<br><br>No.: 19-1463 |

## ORDER

**AND NOW**, this _____ day of _____, 2019, upon consideration of Plaintiff's Motion to hold Defendant in contempt of Court for failing to comply with this Court's November 19, 2019 Order, it hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**. Defendant is hereby in **CONTEMPT**.

Defendant, through its duly authorized corporate representatives (including but not limited to Jay Pandya and Krupa Patel), are hereby **ORDERED** to appear before the undersigned on January _____, 2020, 601 Market Street, Philadelphia, PA 19106, Courtroom 3-B, to determine the appropriate amount of sanctions and penalties for contempt; Plaintiff's attorneys' fees and costs in connection with the instant motion; and any other matters deemed relevant by the Court.

_____
The Honorable Joshua D. Wolson, U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL<br><br>*Plaintiff,*<br><br>v.<br><br>RONAK FOODS *d/b/a* PIZZA HUT,<br><br>*Defendant.* | CIVIL ACTION<br><br>No.: 19-1463 |

### PLAINTIFF'S MOTION TO HOLD
### DEFENDANT IN CONTEMPT OF COURT

Plaintiff, by and through her undersigned counsel, hereby avers as follows in support of her Motion:

1.      This action was commenced as a consequence of Defendants' disability discrimination, failure to accommodate and retaliation, in violation of the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*) and Pennsylvania common law.

2.      On August 27, 2019, Judgment was entered against Defendant in the amount of $88,326.61 (ECF No. 11).

3.      On October 1, 2019, Plaintiff served Fed.R.Civ.P. 69 post-judgment discovery requests, as well as deposition notices, upon Defendant. *See* Exhibit A.

4.      Defendant failed to provide any responses to these requests whatsoever and have not contacted Plaintiff's counsel to confirm their depositions (or request different dates than what was selected).

5.      After the time to respond to the requests expired, Plaintiff filed a motion to compel such responses, pursuant to Fed.R.Civ.P. 37 and 69. Plaintiff sought Defendant's responses to her post-judgment discovery requests, so that she can collect on the judgment.

6.      On November 19, 2019, this Court issued an Order which required Defendant to respond to the outstanding discovery requests within 10 days (ECF No. 14).

7.      On November 20, 2019, Plaintiff served a copy of that Order upon Defendant (ECF No. 15). Accordingly, Defendants responses were ordered to be produced no later than December 2, 2019. Defendant failed to provide any response whatsoever, despite being served with a copy of this Court's Order.

8.      In addition to post-judgment interrogatories, Plaintiff served deposition notices upon Jay Pandya (co-owner) and Krupa Patel (chief operating officer, upon information and belief). Fed.R.Civ.P. 37(b)(2)(A) provides that any party's officer, director or managing agent can be held in contempt for violation of a discovery Order. As Mr. Pandya and Ms. Patel never contacted this office to schedule their depositions, they are also each individually and separately in contempt.

9.      In the absence of any responses to Plaintiff's post-collection discovery requests, her judgment is essentially worthless. As such, Plaintiff respectfully requests that the Court hold Defendant in contempt and issue whichever penalties it deems appropriate, including but not limited to, monetary sanctions.

10.     This Court has broad discretion to impose an appropriate penalty for civil contempt. Accordingly, for the reasons set forth above and in Plaintiff's memorandum of law, this Court should enter Plaintiff's attached proposed Order.

11.     As set forth in the attached Certificate of Service, a copy of this motion was served on Defendant via first-class mail.

*WHEREFORE,* Plaintiff respectfully requests that this Honorable Court grant her Motion holding Defendant in contempt; and issue whichever penalties it deems appropriate.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Adam C. Lease*
Adam C. Lease, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Date:  December 20, 2019

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SAMANTHA SCHALL | |
| *Plaintiff,* | CIVIL ACTION |
| v. | No.: 19-1463 |
| RONAK FOODS *d/b/a* PIZZA HUT, | |
| *Defendant.* | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO HOLD DEFENDANTS IN CONTEMPT OF COURT

Plaintiff respectfully requests that her Motion be granted for the following reasons:

### I.    Background

This action was commenced as a consequence of Defendants' disability discrimination, failure to accommodate and retaliation, in violation of the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*) and Pennsylvania common law. On August 27, 2019, Judgment was entered against Defendant in the amount of $88,326.61 (ECF No. 11).

On October 1, 2019, Plaintiff served Fed.R.Civ.P. 69 post-judgment discovery requests, as well as deposition notices, upon Defendant. *See* Exhibit A. Defendant failed to provide any responses to these requests whatsoever and have not contacted Plaintiff's counsel to confirm their depositions (or request different dates than what was selected). After the time to respond to the requests expired, Plaintiff filed a motion to compel such responses, pursuant to Fed.R.Civ.P. 37 and 69. Plaintiff sought Defendant's responses to her post-judgment discovery requests, so that she can collect on the judgment.

On November 19, 2019, this Court issued an Order which required Defendant to respond to the outstanding discovery requests within 10 days (ECF No. 14). On November 20, 2019, Plaintiff served a copy of that Order upon Defendant (ECF No. 15). Accordingly, Defendants responses were ordered to be produced no later than December 2, 2019. Defendant failed to provide any response whatsoever, despite being served with a copy of this Court's Order.

In addition to post-judgment interrogatories, Plaintiff served deposition notices upon Jay Pandya (owner) and Krupa Patel (chief operating officer, upon information and belief). Fed.R.Civ.P. 37(b)(2)(A) provides that any party's officer, director or managing agent can be held in contempt for violation of a discovery Order. As Mr. Pandya and Ms. Patel never contacted this office to schedule their depositions, they are also each individually and separately in contempt.

In the absence of any responses to Plaintiff's post-collection discovery requests, her judgment is essentially worthless. As such, Plaintiff respectfully requests that the Court hold Defendant in contempt and issue whichever penalties it deems appropriate, including but not limited to, monetary sanctions. This Court has broad discretion to impose an appropriate penalty for civil contempt. Accordingly, for the reasons set forth above and *infra,* this Court should enter Plaintiff's attached proposed Order.

II.     **Legal Argument**

      a. *Defendant is in Contempt of this Court.*

There is no question that Plaintiff can meet her burden here of establishing that Defendant is in contempt of this Honorable Court's November 19, 2019 Order:

> Proof of contempt requires a movant to demonstrate "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak,* 595 F.3d at 485 (internal quotations omitted); *Roe,* 919 F.2d at 871. These elements "must be proven by 'clear and

convincing' evidence, and ambiguities must be resolved in favor of the party charged with contempt." *John T. v. Del. Cnty. Intermediate Unit,* 318 F.3d 545, 552 (3d Cir.2003). Although courts should hesitate to adjudge a defendant in contempt when " 'there is ground to doubt the wrongfulness of the conduct,' " *Robin Woods Inc. v. Woods,* 28 F.3d 396, 399 (3d Cir.1994) (quoting *Quinter v. Volkswagen of Am.,* 676 F.2d 969, 974 (3d Cir.1982)), an alleged contemnor's behavior need not be willful in order to contravene the applicable decree, *John T.,* 318 F.3d at 552; *Harley–Davidson,* 19 F.3d at 148–49. In other words, "good faith is not a defense to civil contempt." *Robin Woods,* 28 F.3d at 399.

*F.T.C. v. Lane Labs-USA, Inc.,* 624 F.3d 575, 582 (3d Cir. 2010)

Here, Prongs 1 and 3 are beyond dispute. The only factor that Defendant could possibly dispute is the Second one, notice. However, Plaintiff served a copy of the Order on Defendant via U.S. mail. *See* ECF No. 15 (Certificate of Service that the November 19, 2019 Order was served upon Defendant via U.S. Mail). Thus, there can be no dispute that Defendant received knowledge of the Order. *See Philadelphia Marine Trade Association-International Longshoremen's Ass'n Pension Fund v. C.I.R.,* 523 F.3d 140, 147 (3d Cir. 2008) ("[C]ourts developed the common-law mailbox rule. If a document is properly mailed, the court will presume the United States Postal Service delivered the document to the addressee in the usual time. *Rosenthal v. Walker,* 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395 (1884); *see also Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932).").

It should also be noted that this mail (the November 19, 2019 Order) was not returned by the post office. *See Heath-El v. Harrisburg Housing Authority,* 2011 WL 1771047, at *1 (M.D.Pa. 2011) ("[T]he Clerk's Office mailed the order to Plaintiff's street address contained in his complaint. This mail was not returned to the Clerk's Office, therefore we assume its receipt by Plaintiff.").

Accordingly, there can be no dispute that all three (3) factors have been met and Defendant is in contempt for willfully disobeying this Court's Order. No relief from the Order was ever filed by Defendant (nor was a motion to quash or objections ever filed to the underlying

discovery requests). Instead, Defendant simply chose to ignore a lawful Order of this Honorable Court. Such conduct shows a willful disregard of this Court's process. It is respectfully submitted that an Order of contempt against Defendant is warranted under the circumstances.

### b. *Requested Relief.*

Fed.R.Civ.P. 37(b)(2)(A) sets forth certain sanctions which the Court may Order where a party fails to obey a discovery Order. These include:

> (A) *For Not Obeying a Discovery Order.* If a party or **a party's officer, director, or managing agent**--or a witness designated under Rule 30(b)(6) or 31(a)(4)-- **fails to obey an order to provide or permit discovery**, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> \*\*\*
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

See Rule 37 (emphasis added).

The fact that final judgment in this action has been issued does not affect this Court's power to hold Defendants in contempt. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456 (1990) ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated."), *citing United States v. Mine Workers,* 330 U.S. 258, 294, 67 S.Ct. 677, 696, 91 L.Ed. 884 (1947) ("Violations of an order are punishable as criminal contempt even though ... the basic action has become moot").

Here, Defendant failed to obey this Court's June 17, 2016 and is clearly in contempt. Moreover, Defendant's co-owners willfully ignored their deposition notices, and they too are in contempt of Court.

In *U.S. v. Harris,* 582 F.3d 512, 514-15 (3d Cir. 2009), the Court discussed the nature of civil contempt penalties:

Civil contempt orders are intended to be coercive or compensatory in nature, and do not require, *inter alia,* a jury trial. Rather, civil contempt is imposed by the judge upon a finding that one has failed to comply with a valid court order. *See Shillitani v. United States,* 384 U.S. 364, 370–71, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) ("The conditional nature of the imprisonment—based entirely upon the contemnor's continued defiance—justifies holding civil contempt proceedings absent the safeguards of indictment and jury, provided that the usual due process requirements are met.") (internal citations and quotations omitted); *Bagwell,* 512 U.S. at 827, 114 S.Ct. 2552 ("[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required.").

With civil contempt, the contemnor will be released subject to compliance with some condition. He is thus understood, in a by-now familiar observation, to "carr[y] the keys of his prison in his own pocket." *Bagwell,* 512 U.S. at 828, 114 S.Ct. 2552 (internal citations and quotations omitted). At the same time, the civil contempt power is regarded as "uniquely ... liable to abuse" because such "proceedings leave the offended judge solely responsible for identifying, prosecuting, adjudicating, and sanctioning the contumacious conduct." *Id.* at 831, 114 S.Ct. 2552 (internal citations and quotations omitted).

Plaintiff's goal in filing this motion is not to obtain an unjust enrichment. Plaintiff simply wants to ensure that she will be able to collect on her money judgment. Under these circumstances, a monetary sanction of $100.00 per day payable to Plaintiff until Defendant purges itself of its contempt and/or satisfies the entire outstanding judgment would be warranted. *See e.g., Chao v. Koresko,* 2005 WL 2521886, at *7 (3d Cir. 2005) (emphasis added) ("But the provision that Respondents cite speaks only to the authority of the Secretary of DOL to assess civil penalties against ERISA plan administrators; nowhere does it evince an intent to limit a district court's discretion to fashion appropriate remedies in contempt proceedings. We conclude that the ***$250 per day*** fine imposed by the District Court in this case was well within the District Court's discretion."); *Simpson v. Andrew L. Capdeville, P.C.,* 2016 WL 1592411, at *3 (V.I. 2016) (emphasis added) ("On September 24, 2013, the Superior Court again awarded Capdeville $10,000 in punitive damages, and fined Simpson $165,800 for contempt—constituting ***$100 per***

*day* for the 1,658 days that Simpson failed to take down the websites…."); *In re Thomas,* 2000 WL 341020, at *5 (Bkrtcy.E.D.Pa. 2000) (emphasis added) ("Until CLC purges itself of the contempt by paying the amounts required by the December 20 Order plus 10% interest from December 20, 1999 until the date of payment on the principal amounts of $3,750 and $1,250, a fine of ***$100 per day*** shall be imposed."); *Loftus v. Southeastern Pennsylvania Transp. Authority,* 8 F.Supp.2d 464, 466 (E.D.Pa.1998) (emphasis added) (ordering attorney held in contempt to "pay to the Court ***$100 per day*** for each day that he does not pay the sanctions…."); *Transportes Aereos de Angola v. Ronair, Inc.,* 104 F.R.D. 482, 504 (D.C.Del. 1985) (emphasis added) ("Winfield is found to be in civil contempt of court. If Winfield fails to appear for, or fails to cooperate in, the scheduled resumption of his deposition, he *will be* fined ***$100.00 for each day*** that he does not appear for or cooperate in the taking of his deposition."); *Koury v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America,* 69 F.R.D. 474, 477 (E.D.Pa. 1975) (emphasis added) (ruling that attorney was "in contempt of this Court and shall pay a fine of ***$100.00 per day*** for each day that he fails to comply.").

## III.   <u>Conclusion</u>

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter an Order granting her Motion holding Defendant in contempt; and issue whichever penalties it deems appropriate.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Adam C. Lease*
Adam C. Lease, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Date:  December 20, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMANTHA SCHALL

    *Plaintiff,*

    v.

RONAK FOODS *d/b/a* PIZZA HUT,

    *Defendant.*

CIVIL ACTION

No.: 19-1463

### **CERTIFICATE OF SERVICE**

    I certify on the date set forth below that I served Defendant with Plaintiff's Motion to hold Defendant in contempt of Court and proposed form of Order at the following address via *first-class U.S. Mail*:

Ronak Foods, LLC *d/b/a* Pizza Hut
6613 Frankford Avenue
Philadelphia, PA 19135

*/s/ Adam C. Lease*
Adam C. Lease, Esq.

Date:  December 20, 2019