# EXHIBIT A



# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
Tel: (215) 639-0801
Fax: (215) 639-4970
allison@karpf-law.com

October 1, 2019

**VIA U.S. MAIL**

RONAK FOODS *d/b/a* PIZZA HUT
6613 Frankford Avenue
Philadelphia, PA 19135

Re:  *Samantha Schall v. Ronak Foods*
     Case No.: 19-1463

Dear Sir/Madam,

Our office represents Plaintiff in the above-referenced matter. Enclosed please find two deposition notices scheduling depositions for December 11, 2019 beginning at 10:00 am. In addition, enclosed are Interrogatory requests. Please supply responses within 30 days.

Thank you.

Very truly yours,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Allison Forte*
Allison Forte
*Paralegal*

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No.: 19-1463 |
| RONAK FOODS d/b/a PIZZA HUT : | |
| Defendant. : | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT at <u>10:00 a.m. on December 11, 2019</u> in the offices of Karpf, Karpf & Cerutti, P.C. located at 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, Plaintiff Samantha Schall will take the deposition of <u>Jay Pandya</u> by oral examination pursuant to the Federal Rules of Civil Procedure. <u>Mr. Pandya</u> will be expected to testify with respect to all matters relevant to the subject matter involved in this action, including but not limited to: the financial institutions and/or banks at which every asset of Defendant is held and the account number for every account. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and/or stenographic means.

                        **KARPF, KARPF & CERUTTI, P.C.**

                        */s/ Adam C. Lease*
                        Adam C. Lease, Esquire
                        3331 Street Road
                        Two Greenwood Square, Suite 128
                        Bensalem, PA 19020
                        (215) 639-0801
                        Attorneys for Plaintiff

Date:   October 1, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No.: 19-1463 |
| RONAK FOODS *d/b/a* PIZZA HUT | : |
| Defendant. | : |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT at 11:00 a.m. on December 11, 2019 in the offices of Karpf, Karpf & Cerutti, P.C. located at 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, Plaintiff Samantha Schall will take the deposition of Krupa Patel by oral examination pursuant to the Federal Rules of Civil Procedure. Mr. Patel will be expected to testify with respect to all matters relevant to the subject matter involved in this action, including but not limited to: the financial institutions and/or banks at which every asset of Defendant is held and the account number for every account. The deposition will continue from day to day until completed. The deposition will be recorded by videotape and/or stenographic means.

                                          **KARPF, KARPF & CERUTTI, P.C.**

                                          */s/ Adam C. Lease*
                                          Adam C. Lease, Esquire
                                          3331 Street Road
                                          Two Greenwood Square, Suite 128
                                          Bensalem, PA 19020
                                          (215) 639-0801
                                          Attorneys for Plaintiff

Date:   October 1, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No.: 19-1463 |
| RONAK FOODS *d/b/a* PIZZA HUT | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I certify, on the date set forth below, that I served Defendant with Plaintiff's attached Deposition Notices at the following addresses via first-class mail, postage prepaid:

RONAK FOODS *d/b/a* PIZZA HUT
6613 Frankford Avenue
Philadelphia, PA 19135

*/s/ Adam C. Lease*
Adam C. Lease, Esq.

Dated: October 1, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL | CIVIL ACTION |
| Plaintiff, | |
| v. | No.: 19-1463 |
| RONAK FOODS *d/b/a* PIZZA HUT | |
| Defendant. | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

PROPOUNDING PARTY:   Plaintiff

RESPONDING PARTY:    Defendant

SET NUMBER:          One (1)

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Civil Procedure 26(b)(1) and 33, Plaintiff hereby requests that Defendant responds under oath to the following interrogatories within thirty (30) days of service hereof.

### INSTRUCTIONS

In responding to these Interrogatories, the following instructions shall apply:

1. Each Interrogatory must be answered separately, fully, in writing, and under oath.

2. These Interrogatories are addressed to Defendant, its agents or attorneys, or any of them. These Interrogatories are deemed to be continuing, requiring Defendant to provide verified supplemental answers setting forth any additional information within the scope of these interrogatories as may be acquired by Defendant, its agents and attorneys. Such supplemental responses shall be served upon the undersigned counsel for Plaintiff within thirty (30) days after receipt of such information, but in no event later than the discovery cut-off date.

3. In lieu of identifying particular documents or communications, such documents or communications may, at your option, be attached to your answer to those Interrogatories requesting identification of those documents or communications.

    4.     A response should be made individually to each Interrogatory.

    5.     The full text of the Interrogatory to which the answer is intended to respond is to be restated immediately preceding such answer.

    6.     Use of the singular tense shall be deemed to include the plural and vice versa, and use of the masculine pronoun shall be deemed to include both genders.

    7.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

    8.     If any Interrogatory is not fully answered because of a claim of privilege, state the privilege asserted and the facts allegedly giving rise to the claim of privilege.

    9.     If Defendants cannot answer any of these Interrogatories after conducting a reasonable investigation, Defendants should so state and answer to the extent it can, stating what information Defendants cannot provide and stating what efforts Defendants made to obtain the unknown information.

## DEFINITIONS

The following definitions shall apply to these Requests for Information:

    A.     **"Defendants"** shall mean the Defendant(s) named in the caption of this action, and their predecessors and successors, their present or former officers, employees, directors, representatives, agents, attorneys and assigns, and its affiliates, subsidiaries, parent or controlling corporations and their affiliates and subsidiaries, or any entity through which it conducts business, either alone or jointly with others.

    B.     **"Defendants," "you," "your"** or **"yours"** shall mean the Defendant(s) named in the caption of this action, and shall include their agents, representatives, attorneys, and all persons acting on their behalf.

    C.     **"Communicate(d)"** or **"Communication"** means any act or instance of transferring, transmitting, passing, delivering or giving information, in the form of facts, ideas, inquiries, or otherwise, by oral, written, electronic, or any other means.

    D.     **"Concerning"** means relating to, referring to, reflecting, describing, evidencing or constituting.

    E.     **"Document"** shall include writings of any type, all other data compilations from which information can be obtained, and any other means of preserving thoughts or expression, however produced or reproduced. Designated documents shall mean originals in each instance (or copies thereof if originals are unavailable), regardless of origin or location, which are in the custody or control of the Defendants, or in the custody or control of Defendants' agents, representatives, employees, or counsel, and any copies or reproductions that differ in any respect from the original, such as copies containing marginal notations or other variations. Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents. The enumeration of

various specific items as included within the definition of the word "document" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

F. **"Identify"** shall mean:
   when referring to a natural person, to give:
   - the person's name;
   - the present or last known home address;
   - the present or last known home telephone number;
   - the present or last known place of employment or job title;
   - the present or last known business address; and
   - the present or last known business telephone number.

   when referring to any person other than a natural person, to give the full name and
   - the present or last known address and the principal place of business of the corporation, partnership, proprietorship, association or other organization being identified.

   when referring to documents, to give:
   - the type of document;
   - the general subject matter;
   - the date of the document; and
   - the author(s), addressee(s) and recipient(s).

G. **"Person"** or **"persons"** shall mean individuals, corporations, proprietorships, partnerships, firms, associations, joint ventures, banks, any government or governmental bodies, commissions, boards or agencies, and all other legal entities, and if appropriate or indicated, divisions, subsidiaries or departments of corporations or other entities, and their principals, agents, representatives, officers or employees.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Set forth the name, address, job title (if any), social security number, date of birth and driver's license identification number of any and all individuals contributing to the answers to these interrogatories.

### INTERROGATORY NO. 2:

Set forth the names of any and all businesses of which Defendant either owns an interest of stock or which own an interest of stock of the Defendant.

3

**INTERROGATORY NO. 3:**

Attach the profit and loss statements and/or corporate or business tax returns with all schedules and attachments for Defendant for the last 10 years.

**INTERROGATORY NO. 4:**

Set forth the name and address of any and all tax preparers, accounting firms, financial planners, financial advisors, or other financial professionals with whom Defendant has consulted in the last 10 years and if a business name was given, give the particular names of the individuals at that business with whom Defendant has dealt, individually.

**INTERROGATORY NO. 5:**

Set forth each and every tangible asset that is owed by Defendant and set forth the information requested below. These tangible assets specifically include but are not limited to real or personal property, vehicles, jewelry, collectibles, etc.

       (a)    when it was acquired;
       (b)    if anyone else owns it jointly or in common;
       (c)    its last appraised value, if known;
       (d)    if any money is owed by you to maintain ownership or whether the o ownership is now fee simple.

**INTERROGATORY NO. 6:**

Set forth any judgment(s) entered against Defendant, the date entered, the docket number for the judgment, the creditor and the amount of the judgment.

**INTERROGATORY NO. 7:**

Set forth detailed information regarding any stocks, bonds, business interests, business assets, security instruments, notes or mortgages that are held by Defendant and its current worth or the amount that is owed.

**INTERROGATORY NO. 8:**

Specify the gross income and net worth of Defendant for each year for the last 10 years and including year to date. Attach all annual reports and tax returns for Defendant, as well as all profit and loss statements for each of the last 10 years. Attach also a list of all monetary and physical assets owned by Defendant and whether or not they are encumbered and to what degree.

**INTERROGATORY NO. 9:**

Identify any and all business, corporate or other entities, whether they are or are not parties to this litigation, in which Defendant holds or has held an ownership interest. For each business, corporation or entity identified, set forth:

    (a)    The nature and extent, including percentage, or your current ownership interest, if any;
    (b)    Any changes to the nature or extent, including percentage, of your ownership interest, including the date(s) of each, such change, the nature of each such change, including the change in amount/extent/percentage of ownership interest, and provide full address and name information for each individual involved;
    (c)    The names, addresses, telephone numbers of all owners, shareholders, partners, etc. in each such entity, setting forth each such person's ownership interest (including extent, nature, and percentage), and dates such interest was held; and
    (d)    Identify and attach any and all documents relating to each of your ownership interests identified above.

**INTERROGATORY NO. 10:**

For each Defendant, set forth, for the five (5) calendar years preceding the filing of the complaint in this action:

    (a)    the date of each and every shareholders', partners' and/or board of directors meeting for the entity;
    (b)    the time and location of each such meeting;
    (c)    the agenda of each such meeting;
    (d)    the identity of all individuals present at each such meeting; and
    (e)    identify and attach all documents referring or relating to each such meeting, including but not limited to, minutes, written agendas, attendance records, notes and memorandum.

**INTERROGATORY NO. 11:**

Identify, in accordance with the instruction and definitions set forth above, the members of the board of directors, partners, shareholders (for a privately held corporation) and officers of Defendant for the five (5) years preceding the filing of the complaint in this action and set forth the date(s) each such person became a director, shareholder, partner and/or officer and the date, if any, on which each such person ceased to be a director, shareholder, partner and/or officer and the date, if any, on which each such person ceased to be a director, shareholder, partner and/or officer of the entity. Provide address, date of birth, and phone number information for each.

**INTERROGATORY NO. 12:**

Identify the financial institutions and/or banks at which every asset of Defendant is held and set forth the time period during which the assets were both held and/or kept at the identified institution(s). Also set forth each account number for every account.

**INTERROGATORY NO. 13:**

Identify and attach all foundational documents of Defendant, including, but not limited to articles of incorporation, shareholder agreements, partnership agreements and/or bylaws, including any changes or amendments thereto.

**INTERROGATORY NO. 14:**

Set forth the dates, amounts and recipients of any dividend payments by Defendant in the ten (10) calendar years prior to the filing date of Plaintiff's complaint.

**INTERROGATORY NO. 15:**

Set forth the name of each and every employee of Defendant for the previous five (5) years.

**INTERROGATORY NO. 16:**

Set forth with particularity any asset transferred by Defendant (in any manner) in the previous five (5) years, for which Defendant did not receive reasonably equivalent value, or fair market value, in exchange for the transfer. For each such asset set forth: (i) the fair market value of the asset at the time of the transfer; (ii) the full amount of consideration Defendant received; (iii) who the asset was transferred to; and (iv) the date of the transfer.

                              **KARPF, KARPF & CERUTTI, P.C.**

                              */s/ Adam C. Lease*
                              Adam C. Lease, Esquire
                              3331 Street Road
                              Two Greenwood Square
                              Suite 128
                              Bensalem, PA 19020
                              (215) 639-0801
                              Attorneys for Plaintiff

Date: October 1, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA SCHALL | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No.: 19-1463 |
| RONAK FOODS *d/b/a* PIZZA HUT | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I certify, on the date set forth below, that I served Defendant with Plaintiff's First Set of Interrogatories at the following addresses via first-class mail, postage prepaid:

RONAK FOODS *d/b/a* PIZZA HUT
6613 Frankford Avenue
Philadelphia, PA 19135

/s/ *Adam C. Lease*
Adam C. Lease, Esq.

Date: October 1, 2019